1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| BRIAN J., | |
|---|---|
| Plaintiff, | CASE NO. 3:17-cv-5986 RSL-JRC |
| v. | REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT |
| NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations, | NOTING DATE: December 21, 2018 |
| Defendant. | |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. *See* Dkts. 12, 13, 14.

After considering and reviewing the record, the Court finds that the ALJ erred by failing to address all the functional limitations listed by plaintiff's treating provider. The provider, Dr. Olson, included limitations that, if credited, would have resulted in a finding that plaintiff is

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 1

1  disabled. Therefore, it was harmful error for the ALJ not to address probative evidence favorable to plaintiff.

The Court also finds that the ALJ failed to give clear and convincing reasons for rejecting plaintiff's subjective symptom testimony. The ALJ failed to analyze whether plaintiff's daily activities met the threshold for transferrable work skills, and gave conclusory reasons for concluding that plaintiff's unsuccessful participation in a vocational course was inconsistent with his allegations of pain.

This Court recommends that this case be remanded for an award of benefits, as further proceedings would serve no useful purpose. The record appears to be fully developed and the "credit as true" rule is satisfied. Accordingly, this case should be remanded for payment of benefits pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, Brian J., was born in 1973 and was thirty six years old on the alleged disability onset date of December 6, 2009. *See* AR. 73. Plaintiff has completed two years of college and has work history as an IT consultant and plumber. AR. 234. Plaintiff stopped working because of his medical conditions. AR. 233.

According to the ALJ, plaintiff has at least the severe impairments of degenerative disc disease and degenerative joint disease of the lumbar and cervical spine, and bilateral carpal tunnel syndrome. AR. 22.

At the time of the hearing, plaintiff was living in a house with his girlfriend. AR. 51.

\\

\\

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 73, 87, 102, 117. Plaintiff's requested hearing was held before Administrative Law Judge S. Pines ("the ALJ") on April 14, 2016. *See* AR. 40. On July 7, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 17.

On September 21, 2017, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR. 1; 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in December 2017. *See* Dkt. 4. Defendant filed the sealed administrative record regarding this matter ("AR.") on April 4, 2018. *See* Dkt. 8.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ improperly rejected plaintiff's subjective symptom testimony; and (2) Whether the ALJ failed to address limits assessed by medical sources. *See* Dkt. 12.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

## I. Whether the ALJ failed to address limits assessed by a treating source.

Plaintiff alleges that the ALJ erred in failing to address limitations assessed by plaintiff's treating physician, Dr. Olson. Plaintiff has undergone two back surgeries and has been treated by many physicians, including neurologists and orthopedic specialists. Dr. Olson is a neurologist who has treated plaintiff since January 2015. AR. 737. Dr. Olson submitted a medical opinion which stated that plaintiff suffered from neck and back pain, that plaintiff would need to lie down during the day as needed, and that plaintiff met the criteria for listing 1.04 disorders of the spine. AR. 738. He also opined that plaintiff would only be able to sit for a total of three hours per day and would miss two days of work per month. AR. 739.

The ALJ afforded Dr. Olson's opinion "moderate weight" and stated that "[s]ome of the limitations were adopted and included in [plaintiff's] residual functional capacity." AR. 30. The ALJ stated that Dr. Olson's objective testing found "no/minimal tenderness on exam and a normal gait" and that plaintiff "had only mild APB atrophy, and otherwise normal tone and power." AR. 31. The ALJ reasoned that "not all of the limitations are consistent with objective medical evidence," but she does not state with specificity which limitations were not consistent with the objective evidence. AR. 30-31.

When a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996)* (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v.*

1  *Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th

2  Cir. 1989)).

3       Here, the ALJ made note of certain normal or minimal objective findings, but did not

4  state with specificity which limitations she believed should be included or excluded from the

5  RFC or why. AR. 30-31. Such reasoning is conclusory and does not rise to the standard set

6  forth in *Reddick*. 157 F.3d at 725. When the ALJ provides vague or nonspecific reasons for not

7  including certain limitations in the RFC, especially when these limitations are probative of

8  disability and favorable to a plaintiff, this Court cannot find that the decision is based on

9  substantial evidence. While the ALJ does not have to address every piece of evidence, she "may

10 not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562,

11 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)

12 (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))); *see also Howard v. Barnhart*,

13 341 F.3d 1006, 1012 (9th Cir. 2003).

14      In addition, the ALJ must explain why her own interpretations, rather than those of the

15 doctors, are correct. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Embrey v.*

16 *Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Here, the ALJ noted some normal findings, but

17 did not explain why those findings required omitting certain limitations from the RFC. This

18 explanation is especially important when the doctor, who was aware of plaintiff's normal gait

19 and minimal tenderness, still opined that plaintiff was limited to sitting only three hours per day,

20 and believed plaintiff met the listing for disorders of the spine. AR. 738-39.

21      This Court cannot find this error to be harmless. The Ninth Circuit has reaffirmed the

22 explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential

23 to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an]

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 5

error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1055-56 (9th Cir. 2006) (collecting cases)). Dr. Olson opined that plaintiff would be limited to sitting for only three hours per day, and would be absent two days per month. AR. 738-39. If added to the RFC, the vocational expert stated that these limitations would preclude plaintiff from competitive employment. AR. 70. Therefore, the ALJ's failure to address limitations assessed by plaintiff's treating physician is not harmless error because if the limitations were not improperly rejected, the outcome of the case may have been different.

## II. Whether the ALJ improperly rejected plaintiff's subjective symptom testimony.

Plaintiff contends that the ALJ failed to give clear and convincing reasons for rejecting plaintiff's testimony regarding his subjective symptoms and limitations. In assessing plaintiff's subjective testimony, the ALJ stated that plaintiff's testimony was not entirely consistent with the medical evidence. AR. 26. If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) ("There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the "clear and convincing" requirement").

The ALJ noted that "objective findings ... are not consistent with [plaintiff's] alleged severity of his limitations." AR. 29. The ALJ cited evidence such as a normal gait, good capillary refill, minimal tenderness and spasm, and intact sensation. AR. 29. The ALJ may not discredit a plaintiff's testimony as not supported by objective medical evidence once evidence

demonstrating an impairment has been provided. *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*citing Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986)). However, an ALJ may discredit a plaintiff's testimony when it contradicts evidence in the medical record. *See Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995). Here, the ALJ did not state how the objective evidence was inconsistent, let alone contradictory, of plaintiff's testimony regarding his back pain. This is not a clear and convincing reason for rejecting plaintiff's testimony.

The ALJ also rejected plaintiff's testimony because he "reported engaging in a range of activities, such as preparing meals, driving, shopping in stores, fishing, caring for houseplants, and going out to dinner. These activities suggest that his limitations are not as significant as alleged." AR. 29. The Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from [his] credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn,* 495 F.3d at 639 (*citing Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). The ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse determination regarding if a claimant's statements should be credited. *Orn,* 495 F.3d at 639 (*quoting Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). In the absence of a proper analysis, plaintiff's reported daily activities are not a clear and convincing reason for rejecting his symptom testimony.

1        The ALJ cited plaintiff's participation in a twelve-month IT course as a reason for
2   discrediting his testimony. AR. 29. However, the ALJ does not explain how plaintiff's
3   participation in this course discredits his testimony. Plaintiff testified that he attended vocational
4   training after his second surgery and that "it didn't go well." AR. 52. He testified to falling
5   asleep in class and falling out of the chair. AR. 52-53.  He stated that although he completed the
6   course, was not able to take the certification class afterwards. AR. 53. Defendant argues that
7   *Carmickle* allows an ALJ to "consider participation in college courses in rejecting a claimant's
8   assertion that he had to 'change positions constantly' while sitting." Dkt. 13, p. 7 (citing
9   *Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008)).  However, in *Carmickle*, the
10  plaintiff testified that he could sit for about fifteen minutes, which the ALJ included in that
11  plaintiff's RFC. *Carmickle,* 553 F.3d at 1161.  Here, the ALJ did not explain how plaintiff's
12  attendance in a course that "didn't go well" warranted rejecting his testimony regarding his pain
13  symptoms.  Therefore, this is not a clear and convincing reason for rejecting plaintiff's
14  testimony.

15       **III.    Remedy.**

16       Generally when the Social Security Administration does not determine a claimant's
17  application properly, "'the proper course, except in rare circumstances, is to remand to the
18  agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587,
19  595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for
20  determining when [improperly rejected] evidence should be credited and an immediate
21  award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)
22  (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:
23          (1) the ALJ has failed to provide legally sufficient reasons for rejecting such
             evidence, (2) there are no outstanding issues that must be resolved before a
24

1 | determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman,* 211 F.3d at 1178 (*quoting Smolen*, 80 F.3d at 1292).

At the first step, the court should determine if "the ALJ has failed to provide legally sufficient reasons for rejecting [the particular] evidence." *Smolen,* 80 F.3d at 1292 (citations omitted). This Court determined in section one that the ALJ erred in failing to address limitations assessed by plaintiff's treating physician, which if added to plaintiff's RFC would have changed the outcome of the case.

Next, as stated by the Ninth Circuit:

> [W]e turn to the question whether further administrative proceedings would be useful. In evaluating this issue, we consider whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted).

The final step is to determine whether or not "if the improperly discredited evidence [was] credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (*citing Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1202 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007); *Orn v. Astrue,* 495 F.3d 625, 640 (9th Cir. 2007)*; Benecke,* 379 F.3d at 595; *Smolen*, 80 F.3d at 1292).

In *Garrison,* the court found that "the district court abused its discretion by remanding for further proceedings where the credit-as-true rule is satisfied and the record afforded no reason to believe that [the claimant] is not, in fact, disabled." *Garrison* 759 F.3d at 1021 (footnote

omitted). The court noted that simply providing an ALJ with another opportunity to reject evidence is not proper, and concluded as follows:

> Although the Commissioner argues that further proceedings would serve the "useful purpose" of allowing the ALJ to revisit the medical opinions and testimony that she rejected for legally insufficient reasons, our precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a "useful purpose" under the [second] part of the credit-as-true analysis. (Citations to *Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility." (citation omitted))).

*Id.* at 1021-22.

However, this Court also notes that the Ninth Circuit pointed out that the issue of whether or not further administrative proceedings would serve a useful purpose comes before the court decides and applies the final part of the credit-as-true rule. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (citations omitted).

In *Treichler*, the court first determined that the ALJ had provided only a "'vague allegation' that [the] claimant's testimony [was] 'not consistent with the objective medical evidence,' without any 'specific findings in support,'" which was "insufficient for [the court's] review." *Id.* at 1103 (citation omitted). The court continued with its review of the record, and after noting inconsistencies between the claimant's statements and the record, concluded that because of conflicts and ambiguities in the record, and because not all essential factual issues were resolved, further factual development was necessary to resolve the issue of credibility. *Id.* at 1103-06. As noted by the court, "an ALJ's failure to provide sufficiently specific reasons for

rejecting the testimony of a claimant or other witness does not, without more, require the reviewing court to credit the claimant's testimony as true." *Id.* at 1106.

The ALJ afforded Dr. Olson's opinion moderate weight and adopted some of the limitations he opined to. As discussed in section one, the opinion included limitations that the ALJ did not discuss which, if fully credited, would have resulted in a finding of disability. *See* AR. 70, 738-39. Moreover, the medical expert who testified at the hearing opined that plaintiff did not meet the listing criteria, but stated that Dr. Olson was in the best position to give an opinion as to plaintiff's subjective pain. AR. 48-49. When combined with the ALJ's failure to give clear and convincing reasons for rejecting plaintiff's testimony, this Court believes that remand will serve no useful purpose and will create the 'heads we win; tails, let's play again' situation the Ninth Circuit has rejected. *See Benecke* 379 F.3d at 595; *Moisa,* 367 F.3d at 887. Therefore, this Court recommends that an award of benefits is the appropriate remedy.

### CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for payment of benefits. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on December 21,

2  2018 as noted in the caption.

3      Dated this 3rd day of December, 2018.

                               J. Richard Creatura
                               United States Magistrate Judge